UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL J. O'REILLY, et al., | : |
| | : |
| Plaintiffs, | : |
| | : |
| V. | : CASE NO. 3:06-CV-2008 (RNC) |
| | : |
| CL&P CO., et al., | : |
| | : |
| Defendants. | : |

SUMMARY ORDER

Pending is a motion to dismiss filed by defendants CL&P, Diane Brown and Mary Griffin. After the motion was filed, the complaint was amended to add Northeast Utilities as a defendant and to add an allegation of diversity jurisdiction. Technically speaking, the filing of the amended complaint served to moot the motion to dismiss. But the parties have treated the motion as if it were addressed to the amended complaint. Treating the motion this way, it is granted in part and denied in part as follows.

The motion to dismiss the entire complaint based on the Rooker-Feldman doctrine is denied. Plaintiffs have not asked this Court to overturn the state court's default judgment. Accordingly, the Rooker-Feldman doctrine does not apply. See Exxon Mobil Corp. V. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

The motion to dismiss the entire complaint based on the preclusive effect of the default judgment is denied. Whether plaintiffs had an adequate opportunity to litigate their claims

in the prior proceeding cannot be determined on the current record.

The motion to dismiss the claims against defendants Brown and Griffin based on defective service of process and lack of personal jurisdiction is denied. It is undisputed that these individuals were not served either in hand or at their usual place of abode, as Connecticut law requires. In view of plaintiffs' pro se status, however, it is reasonable to give them a modest extension of time to effect proper service.

The motion to dismiss plaintiffs' ADA claim against CL&P on the ground that it is not a "public entity" under 42 U.S.C. § 12131(1) is denied. Whether CL&P (or Northeast Utilities) should be deemed to be a "public entity" within the meaning of the statute cannot be determined on the present record.

The motion to dismiss the FHAA claim on the ground that plaintiffs have not alleged any action affecting their housing situation is denied. Paragraph 15 of the amended complaint alleges that defendants brought pressure on plaintiffs' landlord to evict them.

The motion to dismiss the ADA and FHAA claims brought by John T. O'Reilly on his own behalf on the ground that he lacks standing is granted. There is no allegation that he is a person with a disability.

The motion to dismiss plaintiffs' FDCPA claims on the ground that none of the defendants is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) is denied. This issue cannot be determined on the current record.

The motion to dismiss plaintiff's claim based on 15 U.S.C. § 1692*l* on the ground that this provision is enforceable only by the Federal Trade Commission (or another agency) is granted. <u>See</u> 15 U.S.C. § 1692*l*(a).

The motion to dismiss plaintiffs' claim based on the Federal Trade Commission Act on the ground that the Act does not provide a private right of action is granted. <u>See</u> <u>Naylor v. Case & McGrath, Inc.</u>, 585 F.2d 557, 561 (2d Cir. 1978).

The motion to dismiss the state claims on the ground that the Court should decline to exercise jurisdiction over them is denied. The survival of some of the federal claims provides a basis for exercising supplemental jurisdiction over the state claims. In addition, the amended complaint alleges that the Court has jurisdiction based on diversity of citizenship.

Accordingly, the motion to dismiss is granted in part and denied in part. Plaintiffs will file and serve a second amended complaint that conforms with this order on or before May 12, 2008. To effect proper service on defendants Brown and Griffin, plaintiffs must serve them either in hand or at their usual place of abode on or before May 12, 2008.

So ordered.

Dated at Hartford, Connecticut this 21st day of April 2008.


_____/s/ RNC_____
                Robert N. Chatigny
            United States District Judge