```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

MICHAEL J. O'REILLY and         :
JOHN T. O'REILLY,               :
                                :
   Plaintiffs,                  :
                                :
V.                              :   CASE NO. 3:06-CV-2008(RNC)
                                :
THE CONNECTICUT LIGHT AND POWER :
CO., et al.,                    :
                                :
   Defendants.                  :
```

RULING AND ORDER

Pro se plaintiffs Michael and John O'Reilly have moved for reconsideration of the court's ruling granting in part defendants' motion for summary judgment and dismissing plaintiffs' federal claims, (doc. #85). For the following reasons, the motion for reconsideration is denied.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). With respect to new evidence, "the movant must present evidence that is truly newly discovered or

could not have been found by due diligence." U.S. v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir. 1983) (internal quotation omitted) (discussing Rule 60(b)(2)).  See also Palmer v. Sena, 474 F. Supp. 2d 353, 355 (D. Conn. 2007) ("A motion for reconsideration cannot be employed as a vehicle for asserting new arguments or for introducing new evidence that could have been adduced during the pendency of the underlying motion.") (internal quotation omitted).

Plaintiffs fail to satisfy this strict standard.  The primary basis for the motion is "newly discovered" evidence of a stipulated judgment entered in the Superior Court for the Judicial District of New Haven, which suggests that two other individuals, Jeffrey Navin and Robert Cassidy, were responsible for payment of the electric bill at plaintiffs' residence.  This evidence, however, is not "truly newly discovered," Potamkin Cadillac, 697 F.2d at 493, and could have been found and presented to the court earlier with the exercise of due diligence.  The same is true of the newly proffered affidavit of Reverend Cassidy, who attests that a lawyer for CL&P told him that defendants were "mad as hell" that they could not shut off plaintiffs' power owing to Michael O'Reilly's disability. Plaintiffs have not provided any reason why this evidence was not gathered before the close of discovery and brought to the Court's attention before summary judgment was argued.

In any event, none of the new evidence plaintiff submits would "alter the conclusion reached by the court." Shrader, 70 F.3d at 257.  The Court credited plaintiffs' claim that Navin and Cassidy were the "customers of account" with CL&P and plaintiffs made the same allegation contained in the Cassidy affidavit during oral argument.[1]  Plaintiffs' federal claims were dismissed, not because they had failed to prove that Navin and Cassidy were the customers of account or that defendants were upset that they could not shut off the power, but rather because plaintiffs had not produced any evidence that CL&P discriminated against Michael O'Reilly because of his disability or put pressure on Navin to evict the O'Reillys.  Nothing in the "new" evidence proffered by the plaintiffs in their motion to reconsider would cause the Court to alter this conclusion.

Accordingly, the  motion for reconsideration [doc. # 87] is hereby denied.

So ordered this   2nd    day of April 2009 at Hartford, CT.

                                        /s/ RNC
                                  Robert N. Chatigny
                              United States District Judge

---

[1] The Cassidy affidavit is not a marked evidentiary improvement over the plaintiffs' oral representation to the Court because each relies on inadmissible hearsay which would not have been considered by the Court on summary judgment.  See Raskin v. Wyatt Co., 125 F.3d 5, 66 (2d Cir. 1997) ("[O]nly admissible evidence need be considered in ruling on a motion for summary judgment.").